UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WAYNE EVERETT DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:07-cv-1644-DFH-WTL |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.**

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

A claim may be dismissed under the above standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief it seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994). The court is not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claims, nor must the court give any weight to unsupported conclusions of law. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). It must further be recognized that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).

## II.

There are two discernible claims in the complaint. The first claim is the plaintiff's effort to secure what amounts to mandamus against the Commissioner of the Social Security Administration to grant him an immediate hearing on his pending administrative request for disability benefits. The second claim is for damages for asserted violations of the Privacy Act, 5 U.S.C. § 552a.

### A.

Citing the imminent expiration of COBRA benefits and his need for medical care, the plaintiff seeks to accelerate the disability decision which is currently pending with the Social Security Administration ("SSA").

The customary judicial role in a disability matter is authorized by 42 U.S.C. § 405(g), which requires that a plaintiff receive a final decision from the Secretary before seeking judicial review of his claim. In order to obtain a final decision from the Secretary, a plaintiff must exhaust his administrative remedies by proceeding through all three stages of the administrative process and then seek judicial review of his claim. See *Bowen v. City of New York,* 476 U.S. 467, 482 (1986).

As interpreted by the Supreme Court, this "final decision" requirement consists of two elements. The first element requires that a claim be filed with the Commissioner. The second element is that a claimant exhaust his administrative remedies before seeking judicial review. *Johnson v. Sullivan,* 922 F.2d 346, 352-53 (7th Cir. 1990). According to his complaint, the plaintiff has not received a final decision, but seeks to compel a hearing before an administrative law judge so that a final decision on his disability application can be issued. The review of a decision under § 405(g) is exclusive. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). To obtain a hearing, the claimant must: (1) present a claim to the Commissioner and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933). See *Parker v. Astrue*, 2007 WL 4365650, *3 (M.D.Fla. 2007).

The complaint does not make clear whether the foregoing steps have been taken. Thus, the allegations in the complaint do not show a duty owed by the agency that is "clear and free from doubt." See *Jarecki v. United States,* 590 F.2d 670, 674 (7th Cir. 1979). Regardless, the plaintiff cannot circumvent the exclusive form of review under § 405(g) through a mandamus action against the SSA to compel the agency to conduct a hearing. The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief, and only if the defendant owes him a clear non-discretionary duty. *Heckler v. Ringer,* 466 U.S. 602 (1984). "Mandamus jurisdiction is not meant to be invoked where, as in the instant case, a plaintiff fails to properly exhaust her administrative remedies and is thus barred from judicial review." *Silva v. Bowen,* 1988 WL 252078, *2 (N.D.Cal. 1988). A contrary finding would run afoul of the United States' sovereign immunity by creating a new avenue of judicial review

of the SSA disability claims process where Congress has not seen fit to waive that immunity, which is beyond the power of this court. This is not permissible. *Cash v. Barnhart,* 327 F.3d 1252, 1257-58 (11th Cir. 2003) (court determined that the ALJ had no duty to provide Cash with a hearing, and there was no mandamus jurisdiction).

Congress has established a comprehensive remedial structure for persons alleging disability and entitlement to benefits under the Social Security Act. Suing the agency or its Commissioner while the application or review process is pending is not among the remedies which are recognized. The comprehensive statutory scheme, in fact, preempts independent remedies such as the plaintiff seeks to invoke in this instance.

In summary, therefore, because the action the plaintiff seeks in causing a hearing before an administrative law judge to be ordered lies outside the statutory structure, because there is no duty on the part of the SSA to set a hearing–certainly none which would require a hearing on the plaintiff's timetable, despite the economic impact of expiring COBRA benefits on the near horizon for him–and because the relief he seeks could not be awarded here in the absence of an explicit congressional waiver of the United States' sovereign immunity, the claim for mandamus relief must be dismissed for lack of jurisdiction.

**B.**

As to the claim under the Privacy Act, the plaintiff seeks damages, apparently because he has had difficulty obtaining records to support his disability claim with the SSA.

The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used." *Jacobs v. Nat'l Drug Intelligence Ctr.,* 423 F.3d 512, 515 (5th Cir. 2005) (quotation omitted). The Act provides in relevant part:

> Each agency that maintains a system of records shall . . . inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual . . . the authority . . . which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary.

5 U.S.C. § 552a(e)(3)(A). The Privacy Act only provides a civil remedy when a government agency's violation of an Act requirement causes injury:

> Whenever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1)(D). The Supreme Court has held that "the reference in § 552a(g)(1)(D) to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Doe v. Chao,* 540 U.S. 614, 624 (2004); see also *Quinn v. Stone,* 978 F.2d 126, 135 (3d Cir. 1992) ("[T]o state a claim under the Act, the plaintiff must also allege a causal connection between the agency violation and the adverse effect."); *Hewitt v. Grabicki,* 794 F.2d 1373, 1379 (9th Cir. 1986) ("The Privacy Act requires a causal connection between the allegedly erroneous agency record and an adverse determination made against the individual.").

The complaint here does not identify in what way the SSA failed to comply with any provision of the Privacy Act or any regulation promulgated thereunder. A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)). The complaint is deficient under this standard, and in consequence fails to state a claim upon which relief can be granted.

### III.

The complaint fails to support a claim for relief under the Privacy Act and fails to assert a claim over which this court would have subject matter jurisdiction as to the request for judicial intervention in the ongoing administrative process. Under these circumstances, and despite the plaintiff's indigence, dismissal of the action is appropriate.

Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  1/8/2008